**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JAMES WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-742 PS |
| | ) | |
| TIPPECANOE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

James Walker, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983, and a more

definite statement pursuant to Fed.R.Civ.P. 12(e), relating to the medical treatment he received while

he was detained pretrial at the Tippecanoe County Jail. Under 28 U.S.C. § 1915A, the court must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief. Courts apply the same standard under § 1915A as when addressing a

motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).  Thus, I must

determine, under the standards of Rule 12(b)(6), whether the complaint, or any portion of it, should

be dismissed for failure to state a claim upon which relief can be granted.

According to the complaint, Mr. Walker had a morphine pump and a spinal cord

stimulator implanted in his body prior to his incarceration to help alleviate back pain. The

stimulator requires a remote control to operate.  Mr. Walker alleges that while he was a pre-trial

detainee at the Tippecanoe County Jail, various individuals denied him medical treatment by

preventing him from using the morphine pump, the stimulator, or denying him medical care in

general.

Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Id*. at 1373. Serious conditions include those that significantly affect a person's daily activities, cause chronic and substantial pain, or might cause further injury if left untreated. *Id*.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks . . . , or a conscious, culpable refusal to prevent harm . . . ." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Thus, it is not enough to show that a defendant merely failed to act reasonably, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), or that he was negligent. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Accordingly, even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

2

**Medical Defendants**

Mr. Walker alleges that Dr. Ruiz denied him adequate medical care because he would not do anything about the pain. Specifically, Mr. Walker asserts that Dr. Ruiz stated that "he was unable to do anything about this pain because the kind of medication that I was prescribed to before being arrested was not available at the Tippecanoe County Jail." (docket # 4, page 3). Mr. Walker is not entitled to demand specific care, nor is he entitled to the best care possible. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Therefore, while Mr. Walker may request specific pain medication and the use of the morphine pump and the stimulator, he is not entitled to receive this specific care. However, Mr. Walker is entitled to reasonable care.

In his pleadings Mr. Walker stated that he has not received any medication for his pain. (docket # 4, page 7). Although Mr. Walker is not entitled to specific drugs, the use of his morphine pump, or the use of his stimulator, giving Mr. Walker the reasonable inferences to which he is entitled at this stage of the proceedings, it is reasonable to infer that Mr. Walker is claiming that Dr. Ruiz did not provide *any* medical treatment for his serious back pain. Therefore, Mr. Walker has stated a claim against Dr. Ruiz in his individual capacity for monetary damages that Dr. Ruiz failed to provide any treatment for his back pain.

Mr. Walker also asserts that Deanna Taylor, a nurse, denied him medical treatment. He alleges that Ms. Taylor stated that she would talk to the doctor about his pain, but never did. He also contends that he asked Ms. Taylor several times to get him some help because his pain was so intense, but she did nothing. (docket # 4, page 5). Again, giving Mr. Walker the reasonable inferences to which he is entitled at this stage of the proceeding, it is reasonable to infer that Mr.

3

Walker has stated a claim against Nurse Deanna Taylor in her individual capacity for monetary damages.

### Non-Medical Defendants

Mr. Walker contends that the Tippecanoe County Jail has a non-narcotic drug policy which prevented him from getting treatment for his medical condition. Mr. Walker asserts that three Tippecanoe County Commissioners – John Knochel, K.D. Benson, and Ruth Shedd – as well as Sheriff William "Smoky" Anderson, Tippecanoe County, and Tippecanoe County Jail were deliberately indifferent to his medical needs because they authorized the policy. An official capacity claim against an individual defendant constitutes a claim against the government entity itself. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).

To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom. *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987).  Mr. Walker asserts that by adopting the policy, these defendants deprived Mr. Walker of medical treatment and pain medication for his back pain.  While Mr. Walker may have been previously treated by a pain specialist who had prescribed narcotic drugs, once in jail, Mr. Walker was being treated by Dr. Ruiz. Mr. Walker does not allege, and based on this complaint it would not be reasonable to infer, that but for this policy, Dr. Ruiz would have prescribed Mr. Walker narcotic drugs. In fact, Mr. Walker's complaint clearly demonstrates that even if the policy had not been in place, he would not have received narcotic drugs.  In his FRCP 12(e) statement, Mr. Walker states that Dr. Ruiz said that his pain was all in his head and that "he didn't need the kind of medication that he was prescribed." (docket # 4, page 5). Therefore, Mr. Walker's own statement demonstrates that the policy did not affect whether or not he was going to receive narcotics from Dr. Ruiz.

Additionally, to the extent that Mr. Walker is seeking injunctive relief relating to the policy, that claim cannot proceed because he is no longer incarcerated at the Tippecanoe County Jail. Mr. Walker cannot assert the rights of other inmates at the jail because "standing encompasses the general prohibition on a litigant's raising another person's legal rights...." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (internal quotation omitted). Therefore, all of his claims against the commissioners and the sheriff in their official capacities, as well as his claims against Tippecanoe County and the Tippecanoe County Jail, will be dismissed.

Mr. Walker also names J. David Donahue, the Commissioner of the Indiana Department of Correction, and the Indiana Department of Correction as defendants. Mr. Walker contends that the Indiana Department of Correction has a non-narcotic drug policy. Mr. Walker then reasons that because the Tippecanoe County Jail is a holding facility for state offenders, it had to comply with the Indiana Department of Correction policies, and therefore, Mr. Donahue and the Indiana Department of Correction should be liable. Mr. Walker has admitted in his pleadings that the county commissioners and the county sheriff approved the non-narcotic drug policy in the Tippecanoe County Jail. Therefore, whether or not the Indiana Department of Correction has a separate policy is of no consequence because the local officials approved the local policy. In any event, even if the policy was implemented solely because the Indiana Department of Correction required it, Mr. Walker does not have standing to challenge the local policy because, as mentioned, he is no longer in the custody of the Tippecanoe County Jail. Because Mr. Walker does not have standing to

challenge the underlying local policy, Mr. Donahue and the Indiana Department of Correction

cannot be liable for requiring Tippecanoe County to implement the policy.[1]

In his next claim, Mr. Walker alleges that Captain Denise Saxton was deliberately indifferent

with regards to his medical condition because he told her that he was in pain, but she refused to take

him to the hospital. Captain Saxton's obligation was to see to it that Walker receive medical

attention, not that he be taken to the hospital.  Mr. Walker has admitted that he was being seen by

a doctor and a nurse at the jail and this absolves Captain Saxton.  As the Seventh Circuit has noted:

> If a prisoner is under the care of medical experts a non-medical prison official will
> generally be justified in believing that the prisoner is in capable hands. This follows
> naturally from the division of labor within a prison. Inmate health and safety is
> promoted by dividing responsibility for various aspects of inmate life among guards,
> administrators, physicians, and so on. Holding a non-medical prison official liable
> in a case where a prisoner was under a physician's care would strain this division of
> labor.

*Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted), *citing Spruill v. Gillis,* 372

F.3d 218, 236 (3rd Cir. 2004). Mr. Walker does not allege, nor would it be reasonable to infer, that

Captain Saxton had any personal involvement in his medical treatment. The claim against Captain

Saxton will therefore be dismissed.

In addition, Mr. Walker also contends that Captain Saxton joked with other officers about

his withdrawal symptoms. While it may be unprofessional for Captain Saxton to joke about Mr.

Walker's condition, it does not violate Mr. Walker's constitutional rights. *See DeWalt v. Carter*, 224

---

[1] If Mr. Walker is trying to challenge the Indiana Department of Correction policy, such a
challenge is not appropriate in this case. This is because Mr. Walker's complaint only encompasses
the time in which he was incarcerated at the Tippecanoe County Jail. During this time, he was not
confined within the Indiana Department of Correction facilities, and therefore, the state policy was
not applicable during the time frame at issue. In any event, it appears that Mr. Walker has already
challenged the state policy in another case currently proceeding in this district. *See* Cause Number
3:06-cv-402RM.

F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). This claim will also be dismissed.

Mr. Walker also asserts a claim against Sheriff Anderson in his individual capacity. Mr. Walker alleges that Sheriff Anderson knew about his medical condition and that Sheriff Anderson was the individual who ordered Mr. Walker's private physician to drain the morphine pump. As previously stated,  a non-medical prison official will not normally be liable for medical deliberate indifference when the inmate is being treated by a physician. But that is not the allegation here. Sheriff Anderson is alleged to have unilaterally ordered Mr. Walker's morphine pump drained without a request by a doctor or without a doctor acknowledging that Mr. Walker did not need the morphine. By doing so, Sheriff Anderson became directly involved in Mr. Walker's care. As a result, Mr. Walker's allegations are sufficient to assert that Sheriff Anderson was personally involved in his medical treatment when he ordered that the pump be drained. Giving Mr. Walker all the reasonable inferences to which he is entitled at this stage of the proceeding, he will be allowed to proceed against Sheriff Anderson in his individual capacity for monetary damages.

Finally, Mr. Walker names John and/or Jane Does as defendants. But as the Seventh Circuit has stated, "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15 . . ., nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). As a result, these defendants will be dismissed.

## Conclusion

For the foregoing reasons, the court:

(1)     **GRANTS** James Walker leave to proceed against Dr. Ruiz, M.D. and Deanna Taylor, in their individual capacities for monetary damages, on his claim that they were deliberately indifferent to his medical condition by failing to provide any treatment for his pain;

(2)     **GRANTS** James Walker leave to proceed against Sheriff William "Smoky" Anderson, in his individual capacity for monetary damages, on his claim that Sheriff Anderson was deliberately indifferent to his medical condition by ordering that his morphine pump be drained;

(3)     **DISMISSES** all other claims;

(4)     **DISMISSES** Tippecanoe County, John Knochel, K.D. Benson, Ruth Shedd, Tippecanoe County Jail, Captain Denise Saxton, Indiana Department of Correction, J. David Donahue, and John and/or Jane Does;

(5)     **DIRECTS** the clerk to ensure that a copy of this order is served on Dr. Ruiz, Deanna Taylor, and Sheriff William "Smoky" Anderson along with the summons and complaint;

(6)     **DIRECTS** the United States Marshals Service to effect service of process on Dr. Ruiz, Deanna Taylor, and Sheriff William "Smoky" Anderson; and

(7)     **ORDERS** pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Ruiz, Deanna Taylor, and Sheriff William "Smoky" Anderson respond, as provided for in the Federal Rules of

8

Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff

has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: June 21, 2007.

<div style="margin-left: 50%;">
s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
</div>

9